IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02683-CYC

REUMALDO GONZALEZ VIERA,

 Petitioner,

v.

WARDEN, Denver Contract Detention Facility;
MARKWAYNE MULLIN, Secretary of Homeland Security;
DAVID J. VENTURELLA,[1]  Acting Director U.S. Immigration and Customs Enforcement,
 DHS; and
TODD BLANCHE, Attorney General of the United States,

 Respondents.

---

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court upon the parties' consent to magistrate judge jurisdiction for all purposes, ECF Nos. 9 & 11, and an Order of Reference issued by Chief Judge Daniel D. Domenico pursuant to 28 U.S.C. § 636, ECF No. 12. Now before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed pro se by Petitioner Reumaldo Gonzalez Viera on June 16, 2026.

The Court must construe the Petition liberally because Petitioner is not represented by an attorney, but the Court should not be an advocate for a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). After reviewing the pertinent portions of the record in this case, the Court finds and concludes that the Petition should be granted.

Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado.

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is substituted for Todd M. Lyons.

ECF No. 1 ¶ 7. He alleges he is a native and citizen of El Salvador and has lived continuously in the United States since 2003. *Id.* ¶¶ 5–6. He further alleges he was arrested on or about May 12, 2026, and was detained by Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 20. Petitioner alleges he is seeking asylum in his immigration case and he has no criminal record or outstanding criminal matters in the United States. *Id.*

Petitioner specifically challenges his ongoing detention while removal proceedings are pending. According to Petitioner, "[u]nder 8 U.S.C. § 1226(a), detention is permitted only after an individualized assessment of risk, and bond or release must be meaningfully considered." *Id.* at 12. He says his continued detention is not reasonably related to any legitimate regulatory purpose and ICE has not made an individualized determination that detention is necessary. As relief, Petitioner seeks immediate release from custody or, alternatively, release on bond.

On June 24, 2026, Respondents were ordered to show cause why the Petition should not be granted. On July 1, 2026, Respondents filed a Response, ECF No. 8. Respondents concede that Petitioner is in removal proceedings and is being detained by ICE, but Respondents do not address the merits of Petitioner's claim. *Id.* at 1. Instead, Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* Furthermore, "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief" *Id.* at 1–2. Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), Respondents state "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." ECF No. 8 at 2.

Because Respondents do not contest Petitioner's claim that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a), the Petition will be granted. The Court agrees with Respondents that, because Petitioner properly can be subject to detention under § 1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release Petitioner. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [Santillan Quiroz] with a bond hearing or else release him").

Accordingly, it is hereby ORDERED that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**.

It is further **ORDERED** that Respondents shall, within **seven days** from the date of this Order, either provide Petitioner with a bond hearing or release him.

It is further **ORDERED** that, within **eight days** from the date of this Order, Respondents shall file a status report concerning the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody.

Entered and dated this 6th day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

3